UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EARL GRANT,  :
    Plaintiff,  :
              :
  v.  :         CASE NO. 3:17-cv-328 (AWT)
              :
LT. NORFLEETT, et al.  :
    Defendants.  :

INITIAL REVIEW ORDER

On February 24, 2017, the plaintiff, Earl Grant, who is incarcerated and proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 against two named defendants, Lieutenants Norfleett and Colella, and three unnamed defendants, all of whom work at Cheshire Correctional Institution.  The plaintiff is suing these defendants for sexual harassment in violation of the Eighth Amendment, and he seeks money damages.  For reasons set forth below, the plaintiff's claim is being dismissed without prejudice.

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  Id.  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a pro se complaint liberally," the complaint must still include sufficient factual allegations to meet the standard of facial plausibility. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

The complaint alleges that, on January 5, 2017, the plaintiff was involved in an altercation with his cellmate. The defendants escorted both the plaintiff and his cellmate to the restrictive housing unit. The plaintiff was ordered by Lieutenants Norfleett and Colella to "stand in a certain spot

2

with [a] drawing of two feet" and take off his clothes.

Complaint (Doc. No. 1) at 6. The Complaint then alleges:

> The Lieutenants [t]old me to [t]ake off my underw[ear], [b]end over with straight legs[, t]ake both my [h]ands and spread open[] my buttcheeks [e]xposing my [b]utt [h]ole. I hesitated. Lt. Colella said are you [r]efusing a [d]irect order. You will be sprayed with chemical agent and [f]o[r]ced while being [h]eld by other C/Os. This is sexual [h]arassment and I heard you'll be given numerous DRs for [d]isobeying a [d]irect order while being [h]eld by [t]wo C/Os while my [h]ands were cuff[ed.] Feeling compel[ed] to [e]xpose myself [l]ike [t]h[at] was very [d]isturbing. See footage from the camera the officer was [h]olding while standing behind me. I was compel[l]ed to [e]xpose my [b]utt [h]ole in front of numerous correction officer in which one held[] a camera recording this plaintiff being compel[led] to open his b]utt [h]ole. This plaintiff is [r]equesting the court to obtain a copy of [t]he video of the [i]ncident on January 5th 2017 to support plaintiff['s] allegations and ac[c]usation in this lawsuit to prove sexual [h]arassment [f]o[r]cing this plaintiff to [e]xpose [h]is [r]ectum [h]ole [e]xplo[i]ting the prison [d]irective [f]or their own sexual [g]ra[t]ification and [a]mus[e]ment and [h]omo sexual act.

Compl. at 6-7.

The Complaint further alleges, with respect to the period after January 5, 2017:

> Now when I walk in the [h]all I [f]eel [l]ike the[y are] looking at me s[e]xually. I['] ve oc[c]asionally turn[ed] and see [t]hem watching [m]e like a p[ea]ce of me[a]t. I have nightm[]ares of them watching me in the [h]allway waking up in a cold sweat.

Compl. at 7. The plaintiff alleges that this experience has caused him significant harm with respect to his mental health. He claims that the defendants' actions constituted sexual

3

harassment and a violation of his Eighth Amendment right not to be subjected to cruel and unusual punishment.

A. Claims Against Defendants in their Official Capacities

The complaint does not specify whether the plaintiff is suing the defendants in their individual or official capacities. To the extent the plaintiff is seeking monetary damages against the defendants in their official capacities, such claims are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159 (1985); Quern v. Jordan, 440 U.S. 332, 342 (1979). Therefore, any claims for monetary relief against the defendants in their official capacities are being dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

B. Eighth Amendment Claim

"The Eighth Amendment protects prisoners from cruel and unusual punishment by prison officials." Crawford v. Cuomo, 796 F.3d 252, 256 (2d Cir. 2015). To state an Eighth Amendment claim, a prisoner must allege that the defendants acted with "a subjectively sufficiently culpable state of mind" and "that the conduct was objectively harmful enough or sufficiently serious to reach constitutional dimensions." Id. (internal quotation marks omitted).

Sexual abuse of a prisoner "may violate contemporary standards of decency and . . . cause severe physical and

psychological harm." Boddie v. Schneider, 105 F.3d 857, 861 (2d Cir. 1997).

> [A] single incident of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct. Recurrences of abuse, while not a prerequisite for liability, bear on the question of severity: Less severe but repetitive conduct may still be "cumulatively egregious" enough to violate the Constitution.
>
> To show that an incident or series of incidents was serious enough to implicate the Constitution, an inmate need not allege that there was penetration, physical injury, or direct contact with uncovered genitalia.

Crawford v. Cuomo, 796 F.3d 252, 257 (2d Cir. 2015) (internal citations omitted). "In determining whether an Eighth Amendment violation has occurred, the principal inquiry is whether the contact is incidental to legitimate official duties, such as a justifiable pat frisk or strip search, or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate." Crawford, 796 F.3d at 257-58. See also Bell v. Wolfish, 441 U.S. 520, 560 (1979) (body cavity searches of inmates must be reasonable in scope); Wiley v. Kirkpatrick, 801 F.3d 51, 56-57, 61, 69-70 (2d Cir. 2015) (vacating district court's order dismissing harassment claim based on allegation that correction officer "lick[ed] his lips" and "bl[ew] kisses" toward plaintiff inmate while plaintiff was showering).

The plaintiff in this case has not stated a plausible Eighth Amendment claim against the defendants. His complaint

5

describes the incident in detail, but alleges only that the defendants subjected him to a body cavity search when transferring him to a restrictive housing unit in the prison facility. He alleges that the transfer occurred after he was in a fight with his cellmate, and the allegations that they were exploiting the prison directive suggests that they followed proper procedure. In any event, none of the plaintiff's factual allegations suggest that they did not think they were following proper procedure or that this search was unwarranted given the context. See Bell, 441 U.S. at 560 (recognizing legitimate use of strip searches to uncover contraband); Harris v. Miller, 818 F.3d 49, 57-58 (2d Cir. 2016) (standard for analyzing reasonableness of inmate body cavity search). Instead, the Complaint includes only a conclusory allegation that the defendants conducted the search for their own sexual gratification, and an assertion that on occasions after the plaintiff was strip searched, the defendants "watched him like a piece of meat." Compare Wiley, 801 F.3d at 56-57 (inmate alleged that correction officer "lick[ed] his lips" and "bl[ew] kisses" while watching inmate shower); Crawford, 796 F.3d at 258 (inmate stated plausible Eighth Amendment claim based on allegation that correction officer "fondl[ed] and squeez[ed]" inmate's penis to check for erection). For these reasons, the plaintiff's Eighth Amendment claim should be dismissed.

C. <u>Pending Discovery Motions</u>

In conjunction with his complaint, the plaintiff has filed two motions for the court to "seize" specific surveillance footage, which he asserts is necessary for him to prepare for trial in his case [Doc.#s 7, 10]. He has also filed a "Motion to Contact Counselor Datill" [Doc.#9] and a "Motion To Correct the Case Number" [Doc.#11]. Because the court is dismissing the plaintiff's complaint in its entirety, these pending motions are also being denied.

## **ORDERS**

The court enters the following orders:

**(1)** The plaintiff's case is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), without prejudice.

**(2)** The plaintiff's motions to seize video surveillance footage [Doc.#s 7, 10] are hereby **DENIED**. The plaintiff's "Motion to Contact Counselor Datill" [Doc.# 9] and "Motion to Correct Case Number" [Doc.# 11] are hereby **DENIED.**

**(3)** The Clerk is directed to enter a judgment for the defendants and close this case.

It is so ordered.

Signed this 8th day of May 2017 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge
